FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEBSTER DAWKINS, | No. 11-35792 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05073-BHS |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Webster Dawkins appeals pro se from the district court's judgment dismissing his action arising from his loan agreements with Wells Fargo Bank, NA.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Dawkins' action because Dawkins failed to allege facts sufficient to show a breach of contract by Wells Fargo or any resulting damage. *See Lehrer v. State, Dep't of Soc. & Health Servs.*, 5 P.3d 722, 727 (Wash. Ct. App. 2000) ("Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage."); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "must plausibly suggest an entitlement to relief").

The district court did not abuse its discretion by denying Dawkins' motion to appoint counsel because Dawkins failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Dawkins' contentions that the district court had a conflict of interest, that the district court improperly suppressed evidence, and that the court clerk violated 28 U.S.C. § 955 are unpersuasive and not supported by the record.

Dawkins' pending motions are denied.

**AFFIRMED.**